The Vice-Chancellor,
said that there appeared to be no cause for the resignation ¡of the trustee, other than his own wish to be relieved from the duties of the trust. Having once undertaken those duties, he ought not now to decline them so as to subject the trust estate to any loss or expense. The order must therefore provide, that the trustee pay the costs of the petition and of the appointment of his successor, and that in passing his accounts and transferring to the new trustee, he be allowed no commissions on the capital of the trust property. (The vice chancellor here referred to 1 Keen’s R. 581; 1 Beavan’s R. 576; Lewin on Trusts, &c. 472, and Hill on Trustees, 190, 554.) With these provisions, the order will refer it to a master to pass the trustee’s accounts, to report a suitable successor, and to designate what security shall be given by him. On the new trustee being appointed, and the petitioner paying the balance in his hands, and assigning and conveying the trust estate to the new trustee, he will be discharged.
I am asked to appoint the new trustee without exacting security. This, 1 cannot do, because there are infant beneficiaries. Whenever there are infants, security is indispensable on the court appointing trustees, unless where the clerk of the court is appointed, who has already given security as clerk.